UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTRAL LABORERS' PENSION, WELFARE, AND ANNUITY FUNDS,<br><br>        Plaintiffs,<br><br>   v.<br><br>M.D. MAGARY CONSTRUCTION COMPANY and HOLLY C. CRAWFORD,<br><br>        Defendants. | Case No. 20-cr-661-MAB-JPG |

**MEMORANDUM AND**
**ORDER TO SHOW CAUSE**

This matter comes before the Court on the plaintiffs' motion for an order for the defendants to show cause why they should not be held in contempt of court and sanctioned for failing to abide by a Court order (Doc. 16).  On October 30, 2020, the Court ordered the defendants to "turn over to the plaintiffs all their payroll records and books for the time frame of January 1, 2014 through the most current date possible within 60 days of the entry of this Order so that an Audit may be conducted."  Order 2 (Doc. 14).  The plaintiffs personally served a copy of that order on defendant Holly C. Crawford on November 6, 2020 (Doc. 15) and mailed a copy of that order to defendant M.D. Magary Construction Company's registered agent on November 3, 2020.  The plaintiffs have informed the Court that the defendants have not turned over the relevant payroll records as ordered.  Accordingly, the plaintiffs seek an order to show cause why the defendants should not be held in contempt of court and sanctioned for failure to obey a Court order.

A civil contempt order is "designed primarily to coerce the contemnor into complying with the court's demands."  *In re Grand Jury Proceedings*, 280 F.3d 1103, 1107 (7th Cir. 2002).

A party can be held in civil contempt if the party seeking contempt proves (1) there was a decree from the Court (including a subpoena) that set forth in specific detail an unequivocal command, (2) there is clear and convincing evidence that the decree was violated, (3) the violation was significant in that it was not substantial compliance, and (4) the violator has not been reasonably diligent and energetic in attempting to accomplish what was ordered.  *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 711 (7th Cir. 2014); *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989).

In light of the foregoing, the Court hereby **GRANTS** the motion (Doc. 16) and **ORDERS** the defendants to appear in person before the Court in Benton, Illinois, on October 6, 2021, at 11:00 a.m. to **SHOW CAUSE** why they should not be held in civil contempt of court and/or sanctioned for failing to obey the Court's October 30, 2020, order to turn over payroll records. Failure to appear may result in a writ of body attachment being issued for Crawford to secure her appearance.  The defendants' turning over the relevant records to the plaintiffs shall be deemed an adequate response to this order to show cause.  The plaintiffs shall promptly notify the Court if the defendants turn over the relevant records.

The Court **ORDERS** the plaintiffs to mail to the defendants a copy of this order at their last known addresses and to M.D. Magary Construction Company's registered agent and to certify that such service has been accomplished.  The telephone hearing currently set for August 31, 2021, is **VACATED**.

**IT IS SO ORDERED.**
**DATED:  August 27, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**